UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

  Plaintiff,

v.                CASE NO: 8:08-cv-494-T-26EAJ

ROBERT M. ESPOSITO and
GREGORY A. KING,

  Defendants.
                  /

## **O R D E R**

Plaintiff has filed a motion and supporting memorandum of law requesting in part that the Court exclude the testimony of Defendant Esposito's designated expert witness Jacob Levine because of Esposito's failure to comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure governing the particulars of what must be included in an expert witness' written report. Although Plaintiff's arguments are well taken, the Court will afford Defendant Esposito one last chance to abide by the directives of this Court and the rule.

On June 15, 2009, at the behest of Plaintiff, the Court entered an amended case management and scheduling order at docket 79 providing for the disclosure of experts by October 15, 2009. According to Plaintiff, Defendant Esposito failed to disclose any experts by that date. On December 10, 2009, the Court conducted a status conference at which time it allowed James Wardell to be substituted as counsel of record for Defendant Esposito and

continued the case for trial from the January 2010 trial month to the February 2010 trial month. The Court further explicitly directed that Defendant Esposito was to serve his expert report in compliance with Rule 26 on Plaintiff no later than December 23, 2009, and provided that depositions of Defendant Esposito's witnesses, including his expert, were to take place no later than January 15, 2010.

Plaintiff has attached a copy of the expert witness report produced by Defendant Esposito's counsel. To say the least, the report wholly fails to comply with the requirements of Rule 26(a)(2)(B)(i) and (ii) in that it was not prepared and signed by Mr. Levine and does not contain "a complete statement of all opinions [Mr. Levine] will express and the basis and reasons for them" and "the data or other information considered by [Mr. Levine] in forming them[.]" The report is nothing more than Defendant Esposito's counsel's representations of the opinions he anticipates Mr. Levine will offer at trial. Indeed, Defendant Esposito's counsel concedes that "[t]he disclosures contained herein are not the actual opinions of Mr. Levine at this time."

Given the incompleteness of the report, and the fact that it is woefully insufficient for purposes of allowing Plaintiff to prepare for the upcoming deposition of Mr. Levine, as well as to cross examine him at trial and to rebut any opinions he may offer at trial, the Court would be well within its discretion in precluding Mr. Levine from testifying. See Romero v. Drummond Company, Inc., 552 F.3d 1303, 1323 (11th Cir. 2008) (determining that district court did not abuse its discretion in excluding testimony of expert witnesses for failure to provide complete reports as required by Rule 26(a)(B)(2)). The Court, however, will afford Defendant one *last* opportunity to comply with the rule.

Accordingly, it is ordered and adjudged as follows:

1) Plaintiff's Motion to Exclude and for Alternative Relief (Dkt. 109) is denied without prejudice.

2) Defendant Esposito shall provide Plaintiff with an expert report prepared and signed by Mr. Levine which strictly complies with the requirements of Rule 26(a)(2)(B) on or before 5:00 p.m., Wednesday, December 30, 2009, failing which Mr. Levine will be excluded from testifying at trial.

**DONE AND ORDERED** at Tampa, Florida, on December 29, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record